IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ursula Mitchum, ) | C/A No.: 0:13-1601-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| USAA Federal Savings Bank; and Mark ) | |
| H. Wright, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      USAA Federal Savings Bank and Mark H. Wright ("Defendants") filed a notice of removal which purports to remove Civil Action No. 2013CV2910100699 from the Magistrate's Court of Lancaster County, South Carolina. [Entry #1 at 1]. After review of the pleadings, the undersigned finds that this case should be remanded because the court lacks subject matter jurisdiction.

I.      Factual Background

      The case Defendants seek to remove relates to a dispute over credit card charges for merchandise Plaintiff alleges she did not receive. [Entry #1-1 at 1]. Plaintiff seeks monetary damages in the amount of $4,400.56. *Id.* Plaintiff's state court complaint, in its entirety, alleges: "Recission of credit charge based on 8 months unresolved dispute without merchandise order, delivery, or cancellation. Providing, accepting, and using in part or wholly a copied signature as basis for payment claim." *Id.*

II. Discussion

    A. Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

2

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A).  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted).  The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand.  If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand.  If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

B.  Analysis

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case may be filed in federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is federal question jurisdiction under 28 U.S.C. § 1331. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008); *Mulcahey*, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").

It is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). In the present case, Defendants construe Plaintiff's claims as allegations of a violation of the Fair Credit Billing Act, 15 U.S.C. §§ 1666, 1666i, 1666j, and actionable under 15 U.S.C. § 1640. [Entry #1 at 1]. However, Plaintiff's complaint makes no reference to any federal statute or federal constitutional provision, nor is diversity jurisdiction present in this case due to the amount in controversy. *See* 28 U.S.C. § 1332(a) (requiring complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars). As the court is

5

not bound by Defendants' characterization of the case, *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334 (E.D.N.C. 1992), and Plaintiff fails to invoke federal question or diversity jurisdiction in her pleadings, the matter should be remanded to state court.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge remand this matter to state court.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 20, 2013                                        Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).