IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ursula Mitchum, | C/A No. 0:13-cv-01601-JFA |
| Plaintiff, | |
| vs. | |
| USAA Federal Savings Bank, and Mark H. Wright, | **ORDER** |
| Defendants. | |

The pro se plaintiff, Ursula Mitchum, ("Plaintiff") originally brought this action in Lancaster County Magistrate Court.  It appears to involve a dispute over credit card charges for merchandise that Plaintiff contends she did not receive.  The defendants, USAA Federal Savings Bank and Mark H. Wright, ("Defendants") removed the action to this court on June 11, 2013.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation ("Report") and opines that the action should be remanded to the Lancaster County Magistrate Court because this court lacks subject matter jurisdiction. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Defendants timely objected to the Report, pointing out that while the complaint does not specifically reference the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.*, ("FCBA") this court should consider the "artful pleading doctrine" to determine the actual nature of the underlying claim.  To do this, Defendants suggest that the court must determine whether state law or federal law creates a cause of action.  Defendants argue that the *sole* cause of action potentially available to Plaintiff under the facts of this case is a claim under the FCBA, which would clearly implicate federal jurisdiction.

Because Plaintiff's complaint is ambiguous and because Plaintiff is proceeding pro se, this court entered an order directing Plaintiff to inform the court whether she intended to rely upon state or federal law in asserting her claims.  The order, ECF No. 14, advised Plaintiff that if she elected to pursue a state court remedy alone, this court would document the concession in an order remanding the case to state court,  so that Plaintiff would not be allowed to amend pleadings in state court and assert federal claims there.

Plaintiff has responded to the court's inquiry by indicating that she intends to rely upon state law alone.  ECF No. 17.

For this reason, this court overrules Defendants' objections to the Magistrate Judge's suggestion of remand, adopting the Report and incorporating it herein by reference.  Accordingly, this action hereby is remanded to the Lancaster County Magistrate Court.  It is specifically noted by this court that Plaintiff has disavowed any intention of relying upon the FCBA or any other federal law in this case.  To make the receiving state court aware of these developments, this court attaches to this order a copy of its order of inquiry to Plaintiff, along with Plaintiff's response to that order.

IT IS SO ORDERED.

September 11, 2013                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge